UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R11,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT GERMINARA,<br><br>      Defendant. | CIVIL ACTION NO. 18-12387 |

## VERIFIED COMPLAINT

Plaintiff, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11, by and through its undersigned counsel, brings this action against the defendant seeking judgment (i) quieting title to the subject property in favor of plaintiff on account of various documents recorded by the defendant in the chain of title; (ii) declaring and confirming plaintiff's entitlement to enforce a note and mortgage executed by the defendant; and (iii) for damages for slander of title. Plaintiff alleges as follows:

### PARTIES

1. Plaintiff, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11 ("Plaintiff" or "Deutsche Bank as Trustee") is a national banking association with its main office as designated in its Articles of Association in Los Angeles, California.

2. Defendant Robert Germinara ("Defendant" or "Germinara") is an individual residing at 2 Ashland Street, Newburyport, Massachusetts.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action involving Plaintiff's right, title and interest in the subject property as there is complete diversity between the Plaintiff and the Defendant pursuant to 28 U.S.C. § 1332(a) and the amount in controversy exceeds the sum or value of $75,000.00 based on the original principal balance of the subject loan and the fair market value of the encumbered property.

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) as the Defendant resides in Newburyport, Massachusetts.

## FACTUAL BACKGROUND

A. **The Note and Mortgage**

5. Germinara acquired the real property known as 2 Ashland Street, Newburyport, Massachusetts ("Property") on or about October 26, 2005, via Executor's Deed recorded with the Southern Essex District Registry of Deeds ("Registry") in Book 24996, Page 379. A certified copy of the Executor's Deed is attached hereto as Exhibit A.

6. On or about October 26, 2005, Germinara executed an Adjustable Rate Note in favor of Ameriquest Mortgage Company ("Ameriquest") in the original principal amount of $288,000 ("Note"). A true and accurate copy of the Note is attached hereto as Exhibit B.

7. To secure his obligations under the Note, Germinara executed a mortgage dated October 26, 2005, in favor of Ameriquest in the original principal amount of $288,000 encumbering the Property ("Mortgage"). The Mortgage was recorded with the Registry on October 26, 2005, in Book 24996, Page 380. A certified copy of the Mortgage is attached hereto as Exhibit C.

302711017v2 1011231

8. Upon information and belief, the money borrowed as evidenced by the Note and secured by the Mortgage (the "Loan") was utilized by Germinara to purchase the Property.

9. Deutsche Bank as Trustee is the current holder of the Note, endorsed in blank. *See* Exhibit B.

10. Pursuant to the terms of a certain Pooling and Servicing Agreement dated as of December 1, 2005, and the terms of other related agreements (collectively, the "PSA"), the Loan was transferred to the assets of the Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11 ("Trust").

11. Deutsche Bank as Trustee is the trustee of the Trust under the terms of the PSA.

12. On or about January 15, 2009, Ameriquest executed an assignment of the Mortgage in favor of Deutsche Bank as Trustee, recorded with the Registry in Book 28330, Page 181 ("Assignment"), to memorialize the transfer of the Loan to the Trust. A certified copy of the Assignment is attached hereto as Exhibit D.

13. Thereafter, Ameriquest executed a Confirmatory Corporation Assignment of Deed of Trust/Mortgage dated January 25, 2011, in favor of Deutsche Bank as Trustee in order to clarify the name of the assignor in the Assignment, recorded with the Registry in Book 30238, Page 113 ("Confirmatory Assignment"). A certified copy of the Confirmatory Assignment is attached hereto as Exhibit E.

14. Germinara has been in default on the Loan since 2010.

**B.    The Other Recorded Documents Affecting the Mortgage**

15. On or about January 25, 2016, Germinara recorded a Notification of Rescission and Void Mortgage/Security Instruments for the Mortgage Recorded at Book 24996, Page 380

302711017v2 1011231

("Notification of Rescission") with the Registry in Book 34676, Page 151. A certified copy of the Notification of Rescission is attached hereto as Exhibit F.

16. In the Notification of Rescission, Germinara purports to rescind the Loan. *See* Exhibit F.

17. The Notification of Rescission is without basis in law or fact, clouds title to the Property and is an impediment to Deutsche Bank as Trustee's efforts to enforce and foreclose the Loan.

18. On June 19, 2018, Germinara recorded an Affidavit of Lawful Ownership, Current Possession and to Clarify Title under M.G.L. Chap. 183 Sect. 5B ("Germinara Affidavit") with the Registry in Book 36797, Page 492. A certified copy of the Germinara Affidavit as attached hereto as Exhibit G.

19. In the Germinara Affidavit, Germinara purports to challenge Deutsche Bank as Trustee's standing to foreclose on the Loan and that any foreclosure process is unlawful or legally ineffective and void. *See* Exhibit G.

20. The Germinara Affidavit is without basis in law or fact, clouds title to the Property and is an impediment to Deutsche Bank as Trustee's efforts to enforce and foreclose the Loan.

## COUNT I
## FOR AN ORDER QUIETING TITLE IN FAVOR OF PLAINTIFF

21. Deutsche Bank as Trustee hereby incorporates paragraphs "1" through "20" above as if fully set forth herein.

22. Because of the execution and recording of the Notification of Rescission and the Germinara Affidavit, Deutsche Bank as Trustee's security interest in the Property pursuant to the Mortgage is in dispute.

4

302711017v2 1011231

23. Because of the execution and recording of the Notification of Rescission and the Germinara Affidavit, Deutsche Bank as Trustee cannot proceed with a foreclosure as it would not be able to convey clear and marketable title.

24. There is an actual case and controversy between the parties where Deutsche Bank as Trustee is entitled to enforce the terms of the Note and Mortgage, including proceeding with foreclosure and Defendant disputes this contention and asserts interests adverse to Deutsche Bank as Trustee.

25. The statements in the Notification of Rescission and the Germinara Affidavit are without basis in law or fact as Deutsche Bank as Trustee is entitled to enforce the Note and Mortgage.

26. Upon information and belief, Defendant knew at the time of the recording of the Notification of Rescission and the Germinara Affidavit that the statements contained therein challenging Deutsche Bank as Trustee's entitlement to enforce the Note and Mortgage were false and asserted solely for the purposes of avoiding foreclosure and Germinara's obligations under the Loan.

27. Based upon the foregoing, an order should be entered striking the Notification of Rescission from the records of the Registry.

28. Based upon the foregoing, an order should be entered striking the Germinara Affidavit from the records of the Registry.

## COUNT II

### FOR DECLARATORY JUDGMENT ESTABLISHING DEUTSCHE BANK AS TRUSTEE'S STANDING TO FORECLOSE

29. Deutsche Bank as Trustee hereby incorporates paragraphs "1" through "28" above as if fully set forth herein.

30. Deutsche Bank as Trustee is the current holder of the Note entitled to enforce its terms pursuant to G.L. c. 106, § 3-301(i).

31. The Note executed by Germinara is executed in blank. *See* Exhibit B.

32. The Note is bearer paper pursuant to G.L. c. 106, § 3-205(b).

33. According to the terms of the PSA and the records of the Registry, Deutsche Bank as Trustee is the current holder of the Mortgage entitled to enforce its terms.

34. To secure his obligations under the Note, Germinara executed the Mortgage encumbering the Property. *See* Exhibit C.

35. The Loan was transferred to the assets of the Trust pursuant to the terms of the PSA on or about December 20, 2005.

36. To memorialize the transfer of the Loan to the Trust and Deutsche Bank as Trustee as the mortgagee, the Assignment and the Confirmatory Assignment were recorded with the Registry. *See* Exhibits D and E.

37. There is an actual case and controversy between the parties as evidenced by the Notification of Rescission and Germinara Affidavit recorded by Germinara with the Registry. *See* Exhibits F and G.

38. The statements in the Notification of Rescission and the Germinara Affidavit are without basis in law or fact as Deutsche Bank as Trustee is entitled to enforce the Note and Mortgage.

39. Based on the foregoing, Deutsche Bank as Trustee seeks an order pursuant to 28 U.S.C. § 2201 declaring and confirming it is the holder of the Note entitled to enforce its terms, including foreclosure.

40. Based on the foregoing, Deutsche Bank as Trustee seeks an order pursuant to 28 U.S.C. § 2201 declaring and confirming it the holder of the Mortgage entitled to enforce its terms, including foreclosure.

41. Deutsche Bank as Trustee has no adequate remedy at law.

## COUNT III

## FOR SLANDER OF TITLE

42. Deutsche Bank as Trustee hereby incorporates paragraphs "1" through "41" above as if fully set forth herein.

43. Germinara borrowed $288,000.00 from Ameriquest as evidenced by the Note and Mortgage. *See* Exhibits B and C.

44. Deutsche Bank as Trustee is the current holder of the Note entitled to enforce its terms pursuant to G.L. c. 106, § 3-301(i).

45. Deutsche Bank as Trustee is the current mortgagee of the Mortgage entitled to enforce its terms pursuant to the PSA, the Assignment and Confirmatory Assignment. *See* Exhibits D and E.

46. On June 19, 2018, Germinara recorded the Germinara Affidavit challenging Deutsche Bank as Trustee's standing to foreclose on the Loan and stating that any foreclosure of the Loan is unlawful and legally ineffective. *See* Exhibit G.

47. The recording of the Germinara Affidavit constitutes publication, without justification, of false statements that the Deutsche Bank as Trustee lacks standing to enforce the Note and Mortgage and cannot lawfully proceed with foreclosure.

48. The Germinara Affidavit contains false information as Deutsche Bank as Trustee has standing to enforce both the Note and the Mortgage and to proceed with foreclosure.

49. Upon information and belief, the statements in the Germinara Affidavit were known by Germinara to be false at the time he recorded the Germinara Affidavit and were made maliciously for the purposes of avoiding foreclosure and Germinara's obligations under the Loan and to cause harm to Deutsche Bank as Trustee.

50. Upon information and belief, the publication of the Germinara Affidavit was intended to deceive third parties into believing that the Property was unencumbered to the detriment of Deutsche Bank as Trustee and/or that Deutsche Bank as Trustee was without authority to foreclose on the Note and Mortgage.

51. As a result of the recording of the Germinara Affidavit, Deutsche Bank as Trustee has been damaged as it continues to pay all carrying costs for the Property while Germinara has not made a payment since 2010.

52. As a result of the recording of the Germinara Affidavit, Deutsche Bank as Trustee has been unable to proceed with foreclosure as it cannot convey clear and marketable title despite Germinara's default on the Loan in 2010 and has been damaged as a result.

53. Based on the foregoing, Germinara is liable to Deutsche Bank as Trustee for its damages, including attorney's fees, for slander of title.

**WHEREFORE**, plaintiff, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11, respectfully requests that this Court enter judgment:

A. Striking the Notification of Rescission and Void Mortgage/Security Instruments for the Mortgage Recorded at Book 24996, Page 380, from the records of the Southern Essex District Registry of Deeds;

B. Striking the Affidavit of Lawful Ownership, Current possession and to Clarify Title under M.G.L. Chap. 183 Sect. 5B, from the records of the Southern Essex District Registry of Deeds;

C. Declaring and confirming Plaintiff is the holder of the Adjustable Rate Note dated October 26, 2005, executed by Defendant entitled to enforce its terms, including foreclosure;

D. Declaring and confirming Plaintiff is the holder of the Mortgage dated October 26, 2005, entitled to enforce its terms, including foreclosure;

E. Awarding Plaintiff damages for slander of title in an amount to be determined at trial, including an award for its attorney's fees and costs; and

F. Granting such further relief as the Court deems just and appropriate.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R11

By: Its Attorneys

*/s/ Hale Yazicioglu Lake*
Maura K. McKelvey, BBO #600760
Hale Yazicioglu Lake, BBO #679480
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
e-mail: mmckelvey@hinshawlaw.com
hlake@hinshawlaw.com

Dated: November 15, 2018

302711017v2 1011231

## VERIFICATION

I, Howard R. Handville of Ocwen Financial Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC, as attorney-in-fact for Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11, being duly sworn and duly authorized, depose and state under the pains and penalties of perjury, that I have read the foregoing Verified Complaint, and that the allegations contained therein are true and based upon facts that are presently and personally known by me, which personal knowledge is derived from review of public records and the business records of Ocwen Loan Servicing, LLC, and Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11, related to the Note and Mortgage (as defined in the Verified Complaint), except those facts alleged upon information and belief and as to those facts, I believe they are true, and that no material facts have been omitted therefrom. I also state that the Exhibits attached to this Verified Complaint are true and correct and/or certified copies of the originals.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 1st DAY OF NOVEMBER 2018.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R11, BY ITS ATTORNEY-IN-FACT, OCWEN LOAN SERVICING, LLC**

By: _[signature]_

Name: Howard Handville

Title: Senior Loan Analyst

302711017v2 1011231