UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R11, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT GERMINARA, <br><br> Defendant. | Case No: 18-cv-12387-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                       **January 2, 2020**

### I. Introduction

Plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11 ("Deutsche Bank") has filed this lawsuit against Defendant Robert Germinara ("Germinara") requesting an order quieting title to the disputed property in favor of Deutsche Bank (Count I), seeking a declaratory judgment establishing Deutsche Bank's standing to foreclose (Count II) and alleging slander of title (Count

III). Deutsche Bank has moved for summary judgment. D. 22. For the reasons stated below, the Court ALLOWS IN PART and DENIES IN PART the motion.[1]

## II. Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The movant "bears the burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-moving party may not rest on the allegations or denials in her pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but "must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor," Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). "As a general rule, that requires the production of evidence that is 'significant[ly] probative.'" Id. (quoting Anderson, 477 U.S. at 249) (alteration in original). When assessing a motion for summary judgment, the Court will not consider "conclusory allegations, improbable inferences, and unsupported speculation." Galloza v. Foy, 389 F.3d 26, 28 (1st Cir. 2004) (internal citation omitted). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

---

[1] The Court ALLOWS Deutsche Bank's motion for leave to file a reply brief, D. 31, and has considered the brief, D. 31-1, in the resolution of the motion for summary judgment.

2

## III. Factual Background

The following undisputed facts are drawn from Deutsche Bank's Statement of Material Facts and supporting affidavits and exhibits, D. 24-29.[2] On or about October 26, 2005, Germinara executed an adjustable rate note (the "Note") in favor of Ameriquest Mortgage Company ("Ameriquest") in the amount of $288,000 for the purchase of the property at 2 Ashland Street, Newburyport, Massachusetts (the "Property"). D. 24 at ¶ 1. On the same day, Germinara also executed a mortgage (the "Mortgage") in favor of Ameriquest. D. 24 at ¶ 2. The mortgage was recorded with the Southern Essex District Registry of Deeds (the "Registry") on October 26, 2005. D. 24 at ¶ 5. On December 1, 2005, the Note and Mortgage (together, the "Loan") were transferred to the assets of the Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11 (the "Trust"), for which Deutsche Bank acts as trustee. D. 24 at ¶ 7. The assignment of the Loan was recorded with the Registry on February 18, 2009. D. 24 at ¶ 8. Deutsche Bank is the current holder of the Note. D. 24 at ¶ 10.

Germinara has failed to make any payments on the Loan since the July 1, 2010 payment. D. 24 at ¶ 11. On or about January 25, 2016, Germinara recorded a "Notification of Rescission" with the Registry. D. 24 at ¶ 13; D. 25-4. The Notification of Rescission claims Germinara had rescinded the Mortgage and that it is no longer in force. D. 24 at ¶ 14. On or about June 19, 2018, Germinara recorded an "Affidavit of Lawful Ownership" with the Registry. D. 24 at ¶ 15; D. 25-

---

[2] Germinara has not filed "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation" with his opposition to the motion for summary judgment, D. 30, as required by Local Rule 56.1. Moreover, Germinara's opposition does not include a statement of material facts, nor does it include Germinara's response to the facts submitted by Deutsche Bank. D. 31-1 at 2. Because Germinara failed to provide responses to Deutsche Bank as Trustee's statement of material facts, the facts of record in Deutsche Bank as Trustee's statement of material facts are "deemed for purposes of the motion to be admitted." L.R. 56.1; Giorgio v. Jackson, No. CIV.A. 12-11171-LTS, 2015 WL 1523095, at *3 (D. Mass. Apr. 1, 2015).

5. In the Affidavit of Lawful Ownership, Germinara contended that Deutsche Bank lacks standing to foreclose on the Property. D. 24 at ¶ 16.

**IV.     Procedural History**

Deutsche Bank instituted this action on November 15, 2018. D. 1. Deutsche Bank has now moved for summary judgment. D. 24. The Court heard the parties on the pending motion and took the matter under advisement. D. 32.

**V.      Discussion**

  **A.      Standing to Foreclose (Count II)**

The Court turns first to Deutsche Bank's motion for summary judgment as to Count II, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 that it is the holder of both the Note and the Mortgage and thus entitled to enforce their terms, including foreclosure. Germinara's arguments against Deutsche Bank's right to foreclose center on the assignment and transfer of the Loan. Germinara maintains that there is insufficient evidence in the record that the assignment and transfer to the Trust were proper, specifically pointing to the lack of production of a "wet-ink" or original promissory note. See D. 30 at 13-17. Such a showing is not required, however, even caselaw cited by Germinara does not require such production at this stage. "[W]hile Massachusetts law requires a mortgagee to possess the note in order to avoid having a foreclosure sale rendered void, it does not require the mortgagee to initiate judicial proceedings or produce the note before doing so." Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 36 (D. Mass. 2014). The record establishes that Deutsche Bank is the current holder of the Note, D. 24 at ¶ 10, and this matter is undisputed on this record.

Germinara also argues that the assignment of the Loan to the Trust was invalid or at least not supported by the record here. This argument is contradicted by the clear record of assignment

from Ameriquest, the original lender, to the Trust.  Id. at ¶¶ 7-9.  To establish itself as the holder of the Mortgage, Deutsche Bank "may provide a complete chain of assignments linking it to the record holder of the mortgage, or a single assignment from the record holder of the mortgage." U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 651 (2011).  Here, Deutsche Bank has provided just such a chain, see D. 25-1, 25-2.  That chain of assignment, plus Deutsche Bank's possession of the Loan documents, also renders Germinara's arguments about the blank endorsement of the Note inapposite.  "When indorsed in blank, [the Note] becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."  Carroll v. Bank of New York Mellon, 91 Mass. App. Ct. 1116 (2017).  The Note, endorsed in blank, thus confers its rights to the possessor, Deutsche Bank.

"Under Massachusetts law, if a mortgage grants a statutory 'power of sale,' and the mortgagor defaults, an authorized party may sell the property at a public auction and convey the property to the purchaser in fee simple.  [O]nly the mortgagee or his executors, administrators, successors or assigns can exercise a statutory power of sale . . . and foreclose without prior judicial authorization."  Monges v. Wells Fargo Bank, Nat. Ass'n, No. 13-cv-11752-GAO, 2015 WL 1308146, at *4 (D. Mass. Mar. 23, 2015) (internal citations and quotation marks omitted).  Germinara does not dispute that the Mortgage grants a statutory power of sale as the document does so on its face, see D. 25-1, and there is also no dispute here that Germinara is in default.  D. 24 ¶ 11.  Deutsche Bank, as trustee of the Trust, has the right to foreclose on the Property as the rightful holder of the Note and Mortgage with a statutory power of sale.

The Court grants summary judgment to Deutsche Bank on Count II, seeking declaratory judgment as to its right to foreclose.

### B.     Quiet Title (Count I)

Having resolved Count II, the declaratory judgment claim, the Court turns to Count I, the claim for quiet title. Deutsche Bank asserts a quiet title claim, which the Court presumes to be a claim under Mass. Gen. L. c. 240, § 6.  Mass. Gen. L. c. 240, § 6 authorizes actions "to quiet or establish the title to land situated in the commonwealth or to remove a cloud from the title thereto." Under Massachusetts law, however, a plaintiff cannot maintain a quiet title action unless it has both actual possession of and legal title to the property.  Bevilacqua v. Rodriguez, 460 Mass. 762, 767 n. 5 (2011) (citing Daley v. Daley, 300 Mass. 17, 21 (1938)).  Massachusetts is a "title theory state" and therefore, "when a person borrows money to purchase a home and gives the lender a mortgage, the homeowner-mortgagor retains only equitable title in the home; the legal title is held by the mortgagee." U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 649 (2011).  Deutsche Bank therefore holds legal title through its status as mortgagee but currently lacks actual possession of the Property, which still rests with Germinara, the mortgagor.

This Court recognizes that there is ongoing debate of whether actual possession of the property is properly an element of an action for quiet title as opposed to a try title action.  See Bayview Loan Servicing, LLC v. Jeudy, No. 14 MISC 484926 AHS, 2015 WL 4389823, at *3 n.9 (Mass. Land Ct. July 15, 2015); Aristide v. Attorney Gen. for Com., No. 16 MISC 000419 RBF, 2016 WL 5889171, at *5 n.2 (Mass. Land Ct. Oct. 7, 2016); Bank of New York Mellon v. Lezdey, No. CV 13-11118-MLW, 2016 WL 5539759, at *12 (D. Mass. Aug. 25, 2016), report and recommendation adopted, No. CV 13-11118-MLW, 2016 WL 5660408 (D. Mass. Sept. 28, 2016) (recognizing debate among state courts).  As the discussion in Bayview recognizes, however, despite "potential problems," the Supreme Judicial Court has concluded that a quiet title action "cannot be maintained unless both actual possession and the legal title are united in the plaintiff."

Bayview, 2015 WL 4389823, at *3 n.9 (citing Bevilacqua, 460 Mass. at 767 n.5). Although Germinara, as a mortgagor in arrears, could not prevail on such claim, see Shilo v. Ditech Financial LLC, 16-cv-11564-DJC, 2017 WL 3202725, at *8 (D. Mass. July 26, 2017) and cases cited, Deutsche Bank has not shown at the moment that it is entitled to summary judgment as to the claim to quiet the title of the Property, see Deutsche Bank Nat'l Trust Co. v. Grandberry, 374 F. Supp. 3d 166, 170 & n.1 (D. Mass. 2019), and the Court denies summary judgment on Count I.

C. **Slander of Title (Count III)**

"To prove slander of title, a plaintiff must show that '(1) the defendant made a false statement, (2) which was published with malice, and (3) caused injury to the plaintiff.'" Dumeus v. CitiMortgage, Inc., No. CIV.A. 13-12016-GAO, 2015 WL 404611, at *2 (D. Mass. Jan. 29, 2015) (citing George v. Teare, No. CA994102, 12 Mass. L. Rptr. 274, at *3 (Mass. Sup. Ct. Sept. 5, 2000)). Deutsche Bank bases its claim on Germinara's recording of the Notification of Rescission, D. 25-4, and the Affidavit of Lawful Ownership, D. 25-5. Germinara argues that Deutsche Bank has not shown which statements in either the Notification of Rescission or the Affidavit of Lawful Ownership are false. Deutsche Bank, however, does identify the allegedly false statements, namely, Germinara's claims in the recorded documents that Deutsche Bank lacks standing to foreclose because the mortgage has been rescinded. See D. 23 at 10-11. The record before the Court establishes the falsity of the statements, as explained above in granting summary judgment as to Count II. The mortgage was not rescinded in any legal sense, as claimed by Germinara in the Notification of Rescission, D. 25-4 at 2, nor would foreclosure by Deutsche Bank be "unlawful or legally ineffective and void" as stated in Germinara's Affidavit of Lawful Ownership, D. 25-5 at 5.

7

Deutsche Bank's assertion of malice is predicated on Germinara's testimony that he based the information in the two documents on, at most, a lack of diligence, and that the recording of the documents was motivated, at least in part, by his receipt of documents indicating the Bank's intent to foreclose. D. 23 at 11-12. That is, on this undisputed record, his motivation was, in part, to impede Deutsche Bank's foreclosure on this property with the recording of false documents. Although a showing of malice is usually "question[ ] of fact for the jury if there is a basis for divergent views," Joyce v. Globe Newspaper Co., 355 Mass. 492, 498–99 (1969); see RFF Family P'ship, LP v. Link Dev., LLC, 238 F. Supp. 3d 168, 173 (D. Mass. 2017), such is not the case here given the undisputed record regarding the falsity of the statements in documents, the evidence of Germinara's intent in recording them and, at least, reckless disregard for the truth or falsity of same, given Germinara's testimony about his intent and lack of due diligence, D. 24 ¶¶ 19-21, and the undisputed record that Deutsche Bank suffered pecuniary damage in not having been able to foreclose on the Property and having incurred legal expenses regarding same. D. 24 ¶¶ 24-25.[3] The Court allows summary judgment to Deutsche Bank on Count III.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS IN PART and DENIES IN PART Deutsche Bank's motion for summary judgment, D. 22. The Court allows summary judgment to Deutsche Bank on Counts II and III and denies summary judgment on Count I.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] Even if the "rival claimant" privilege applies under Massachusetts law, on this record, its invocation here does not aid Germinara for the reasons stated above and in Deutsche Bank's reply brief, D. 31-1 at 6.